**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-14075-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

        Plaintiff

v.

HAMEWATTIE ("DOLLY") BALKISSOON,

        Defendant.

_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER TO THE COURT (DE 48)

The United States, by its undersigned Assistant United States Attorney, hereby files this Response to the Defendant's Letter to the Court (DE 48).  For the reasons set forth below, the Court should dismiss the motion for lack of jurisdiction and deny relief.

FACTUAL BACKGROUND

Defendant Hamewattie ("Dolly") Balkissoon is currently serving her sentence of 78 months at the Federal Prison Camp in Alderson, West Virginia.  The Bureau of Prisons currently projects her release date as July 5, 2016. This Court sentenced her on November 8, 2010, following her plea of guilty pursuant to a plea agreement with the Government.  As part of the plea agreement, Defendant waived her right to appeal.

The plea agreement with Defendant also offered her the prospect of a Government motion for reduction of her sentence, pursuant to Federal Rule of Criminal Procedure 35, in the event she should provide substantial assistance to the investigation and prosecution of other participants in the criminal conduct of which she was convicted.  The plea agreement states that

1

this decision would be in the sole and unreviewable discretion of the United States Attorney's Office at a time of the Office's choosing.

The Defendant has begun cooperation in this regard, yet the process is not complete. The United States Attorney intends to move for a Rule 35 reduction of Defendant's sentence, but wishes to do so at a future time when it can fully describe and detail to the Court the entire extent of the Defendant's cooperation, including further cooperation expected but not yet complete. Two coconspirators of this Defendant have recently been arraigned in case no. 10-14096-CR-MARTINEZ, and they have been set for jury trial during the trial calendar period before Judge Martinez in Fort Pierce beginning January 17, 2012.  One of those defendants has recently moved for an unopposed continuance of that trial date.  In addition, a third codefendant is set for arraignment before the Magistrate Judge in Fort Pierce on Monday, December 12, 2011.  And one defendant remains at large overseas and the subject of extradition proceedings.

The Government fully intends to employ the Defendant as a cooperating witness in preparing for and going to trial against these coconspirators.  Following resolution of that case, the Government would then be prepared to evaluate and make a Rule 35 motion on the Defendant's behalf.

## APPLICABLE LAW

The present letter, treated as a Motion, seeks a Court order reducing her sentence.  This request is improper, in that it exceeds the jurisdiction and power of the Court.

Federal law provides two methods by which federal inmates may petition the United States District courts for postconviction relief as to their sentences: Section 2241 of Title 28, United States Code, and Section 2255.  The first provision, 28 U.S.C. § 2241, is strictly limited to the conditions of confinement. *See, e.g, United States v. Rogers*, 180 F.3d 349, 357 (1st Cir.

2

199).  Jurisdiction and venue for such motions lies only in the District of the federally-convicted

inmate's confinement.  Defendant Johnson resides at FCC Alderson, which lies in the Southern

District of West Virginia, and not the Southern District of Florida. Accordingly, this Court may

not hear a purported 2241 petition for prisoners in Alderson, WV.

The second statute for postconviction relief, Section 2255, is limited to challenges of the

sentence for supposed violations of the Constitution or other infirmities of the sentence itself.

*See Swain v. Pressley*, 430 U.S. 372, 381 (1977).  The present motion raises no such issues,

rather it solicits the Court's consideration and mercy, and/or cooperation with the Prosecution

under Federal Rule of Criminal Procedure 35.

The United Supreme Court, in *Wade v. United States*, 504 U.S. 1851, 185 (1992), has

ruled that the Government has "a power, not a duty, to file a motion when a defendant has

substantially assisted."  The Federal Rules of Criminal Procedure specifically require, and

federal courts have upheld the requirement, that only the government may move for and initiate

such a process.  Fed. R. Crim P. 35; *United States v. Richardson*, 558 F.3d 680, 681 (7th Cir.

2009) (Posner, Cir. J.) ("[O]nce the defendant has been sentenced, the district court can revise

the sentence ... only 'to the extent ... expressly permitted by ... Rule 35,' 18 U.S.C. § 3582( c),

and that express permission is limited to making revisions in response to a motion by the

government"); *United States v. Francois*, 889 F.2d 1341, 1344 (4th Cir. 1989) ("it was rational

for Congress to lodge discretion in the prosecutor to make the decision as to whether to file a

motion seeking the reduction of a defendant's sentence on the ground of substantial assistance to

the government, because the prosecutor is 'the only individual who knows whether a defendant's

cooperation has been helpful.' (Citation omitted)"); *see also United States v. Norton*, 539 F.2d

1082 (5th Cir 1976) and *United States v. Mehrtens*, 494 F.2d 1172 (5th Cir. 1974) (both cases

granting mandamus vacating district court orders reducing sentences because district court was without jurisdiction under the former version of Rule 35).

Where the prosecutor has declined to file a motion under Rule 35, and there is no proof of a written commitment to do so without reservation of sole discretion in the United States Attorney's Office, the Court still may only review the failure to file a Rule 35 motion upon the defendant's substantial, threshold showing of improper purpose for doing so.  *Wade*, 504 U.S. at 185-186 ("a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy"); *United States v. Marks*, 244 F.3d 971, 975 (8th Cir. 2001);*United States v. Westerfield*, 2008 WL 5396629 at *4 (D. Neb. Dec. 23, 2008); *United States v. Rodriguez*, 2005 WL 600189 at  *1-2 (N.D. Tex. March 11, 2005) ("defendant has not alleged, much less shown, any unconstitutional motive for the failure to file a motion pursuant to Fed. R. Crim. P. 35"); *United States v. Saunders*, 226 F. Supp. 2d 796, 799 (E.D. Va. 2002) ("if neither [plea agreement nor unconstitutional motive] is present, a court may not grant a reduction even if the defendant has, in fact, provided substantial assistance").

In addition, if the letter were to be taken as a Motion pursuant to 28 U.S.C. § 2255, it would be time barred.  Pursuant to 28 U.S.C. § 2255, as amended April 24, 1996, a "1-year period of limitation shall apply to a motion under this section."  The one-year period runs from the latest of:

1.      the date on which the judgment of conviction becomes final;

2.      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner is prevented from making a motion by such governmental action;

3.      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

4.      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  Id.

When a prisoner does not take a direct appeal from her conviction, the conviction becomes final when the time for filing a notice of appeal expires.  *See Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004); *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000).  The judgment becomes final upon the expiration of the period in which the petitioner could have appealed to the Court of Appeals.  *Sanchez-Castellano*, 358 F.3d at 427.  Pursuant to Fed.R.App.P. 4(b)(1), the period is ten days. *Id*. This ten day period commenced on November 8, 2010, the day the judgment was entered on the docket.  Pursuant to Fed.R.App.P. 26(a)(2), when calculating a period of limitations of less than eleven days, weekend days and legal holidays are excluded.  The defendant Balkissoon had until November 23, 2010, to file a notice of appeal.

The present letter therefore comes before the Court more than one year after her conviction became final on November 23, 2010.  Taken as a 2255 Motion, it would therefore be time barred as having been filed after November 22, 2011, and should therefore be dismissed for lack of jurisdiction.

CONCLUSION

WHEREFORE, based on the foregoing reasons, the United States respectfully requests

the Court dismiss the Motion and deny the Defendant's requested relief.

Respectfully submitted,

> WIFREDO A. FERRER
> UNITED STATES ATTORNEY
>
> s/ *Theodore M. Cooperstein*
> Theodore M. Cooperstein A5501084
> Assistant United States Attorney
> theodore.cooperstein2@usdoj.gov
> United States Attorney's Office
> 101 South US Highway 1, Suite 3100
> Fort Pierce, FL   34950
> Telephone:  772-466-0899
> Facsimile:  772-595-3606
> Attorney for the United States of Amercia

## CERTIFICATE OF SERVICE

**I hereby certify** that on December 8, 2011, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in

the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to received electronically Notices of Electronic Filing.

> s/ *Theodore M. Cooperstein*
> Assistant United States Attorney

6

**SERVICE LIST**
**United States of America v. Hamewattie Balkissoon**
**Case No. 10-14075-CR-MOORE/LYNCH**
**United States District Court, Southern District of Florida**

**Hamewattie Balkissoon,** *pro se*
No. 94420-004, A-2
Federal Prison Camp
P.O. Box A
Alderson, WV 24910
Method of Service: U.S. Mail

**Frances Weisberg**
United States Probation Office
101 South US Highway 1
Fort Pierce, FL 34950
772-467-2368
772-467-2379 (fax)
Method of Service: U.S. Mail