IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:10-cr-14075-KMM

UNITED STATES OF AMERICA,

vs.

HAMEWATTIE BALKISSOON,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

THIS CAUSE came before the Court upon Defendant Hamewattie Balkissoon's Letter/Motion to the Court (ECF No. 48). The Government filed a Response (ECF No. 49). UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

On November 8, 2010 this Court sentenced Defendant Hamewattie Balkissoon to 78 months imprisonment following her entry of a guilty plea to Count 1 of the Indictment for Conspiracy to commit wire fraud affecting a financial institution (ECF No. 34). On November 30, 2011, Defendant filed a Letter with the Court, which this Court construes as a Motion for Sentence Reduction pursuant to Federal Rule of Civil Procedure 35. Through the letter, Defendant requests a sentence reduction due to the burden her sentence has placed on her children, particularly her 14 year old child, who is currently being looked after by Defendant's 20 year old daughter.

Federal Rule of Criminal Procedure 35 provides that only upon the *Government's* Motion may a district court reduce a sentence for substantial assistance. Here, the instant motion was filed by Defendant, and therefore this Court lacks jurisdiction to entertain the Letter/Motion construed as a Motion for Sentence Reduction pursuant to Federal Rule of Civil Procedure 35.

Moreover, there are two methods by which federal inmates may petition the United States District courts for postconviction relief as to their sentences: 28 U.S.C. § 2241, and 28 U.S.C. § 2255.

1

Section 2241 is limited to postconviction relief from the conditions of confinement. See United States v. Rogers, 180 F.3d 349, 357 (1st Cir. 1999). As the Government correctly notes, "Jurisdiction and venue for such motions lies only in the District of the federally-convicted inmate's confinement." Gov't Resp., at 3 (ECF No. 49). Defendant is currently incarcerated at a federal facility in West Virginia. Consequently, this Court does not have jurisdiction to entertain Defendant's Motion construed as a § 2241 petition.

The second method by which federal inmates may petition the United States District courts for postconviction relief as to their sentences is 28 U.S.C. § 2255. Under § 2255, a District Court may vacate, set aside, or correct a sentence only on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. Construed as a Motion to Vacate pursuant to § 2255, the instant Motion by Defendant claims no such violations, and in any event, the Motion would be time-barred by the applicable one year statute of limitations.

While this Court certainly laments the hardship imposed on Defendant's children by her incarceration, Defendant's Motion is improper for the aforementioned reasons. Accordingly, it is ORDERED AND ADJUDGED that Defendant Hamewattie Balkissoon's Letter/Motion to the Court (ECF No. 48) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record